BLAIR *et al. v.* SOUTHERN CLAY MFG. CO.

(*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

SIZER, CHAMBLISS & KEFAUVER, of Chattanooga, for appellants.

WILLIAMS & FRIERSON, of Chattanooga, for appellee.

MR. CHIEF JUSTICE GREEN, delivered the opinion of the Court.

This bill was brought by parties describing themselves as "C. C. Blair and G. F. Schlesinger, President and Secretary, respectively, of the National Paving Brick Asso-

ciation of America, Trustees," against Southern Clay Manufacturing Company, a corporation having its principal office in Hamilton County, Tennessee.

A demurrer was interposed making the point (1) that the complainants were without authority to maintain this suit and (2) that the contract sued on was *ultra vires* defendant corporation. The chancellor sustained the first ground of demurrer, without noticing the second ground of demurrer, and the complainants have appealed.

The bill discloses that the National Paving Brick Association of America is a voluntary, unincorporated association, its membership made up of manufacturers of paving brick, and its object being to promote the welfare of its members by means of an increase in the use of paving brick. The purposes of the Association are described in its constitution filed herein as the advocacy by legitimate means of the use of paving brick for street and highway improvements and other construction, the encouragement of the manufacture of the most suitable brick for such purposes, the dissemination among its members and the public knowledge relating to the manufacture and use of paving brick, and the promotion of the adoption as far as practicable of standard sizes of paving brick to the end that markets may be stabilized and unnecessary overhead expenses be eliminated.

It is averred that defendant became a member of said Association several years since and that under the constitution and by-laws each member of the Association was required to pay annual dues based upon the number of million brick shipped, subject to a minimum payment. The defendant was in default in the payment of its proper dues at the time the bill was filed $2,942.81, which amount the bill seeks to recover.

A contract entered into witnessing the obligation of the defendant in the premises is set out in the bill and is in words and figures as follows:

"CONTRACT.

"This contract, made for the use and benefit of National Paving Brick Association of America by and between the President and the Secretary of the National Paving Brick Association of America and their successors as Trustees in that behalf, Party of the First Part (hereinafter called 'Association'), and Southern Clay Manufacturing Co., Party of the Second Part (hereinafter called 'Member'), of Chattanooga, Tennessee.

"Witnesseth:

"The Member Agrees as Follows:

"1. In consideration of the acceptance of the Member as a member of the Association, the Member will pay to the Association from time to time as due, all amounts provided under the authority of the Constitution of the Association to be payable by members for the uses and benefits of the Association.

"2. The Member will make all reports from time to time required under the authority of the Constitution of the Association to be made by its members, and will permit examination of its books and records in the manner and for the purposes provided under the authority of such Constitution.

"3. The Member will sell or otherwise dispose of no paving brick or block other than first quality paving brick or block except with appropriate designation thereof, as other than first quality paving brick or block.

"4. The Member will make every effort to conduct its business and activities in the manner best calculated to promote the highest business, ethical and legal stand-

ards of the industry as a whole by the quality of its product and the rigid elimination of unfair competition.

"Executed this 27th day of August, 1931.

"National Paving Brick Association

"By O. W. Renkert, President

"Attest: G. F. Schlesinger, Secretary.

"Southern Clay Manufacturing Co.

"By W. M. Lasley, President

"Attest: J. D. Harvey, Secretary."

It is conceded by defendant's counsel that a contract made by trustees in their names on behalf of a voluntary, unincorporated Association, which contract imposes upon the other party an obligation to such trustees for the benefit of the Association, may be enforced at the suit of the trustees. It is said, however, that the obligations of this contract run to the Association and not to the trustees, and that such an obligation could only be enforced by a suit in which all the members of the Association joined or by a duly authorized committee of such members.

We do not agree to this. A and B may enter into a contract for the benefit of C—by which B assumes obligations to C. Such an obligation is ordinarily enforceable by C if he be not under legal disability. The best practice, however, is a suit by A to enforce the obligation for the use of C. *City of Bristol* v. *Bostwick*, 139 Tenn., 304, 202 S. W., 61.

We find nothing especially to criticize in the manner in which this contract was executed. It purported, as above seen, to be a contract between defendant and individuals described as the president and secretary of the Association, trustees, for the use and benefit of said Association. It was signed by defendant and "National

576

Paving Brick Association, by O. W. Renkert, President, Attest: G. F. Schlesinger, Secretary.'' If the contract had been signed by the president and the secretary for National Paving Brick Association, we suppose it would have been free from criticism. It does not seem to us to make any difference that the contract was signed National Paving Brick Association by the president and secretary. The trustees signed by their names and by their description.

While no such point is made, it will be noted that the trustees signing the contract were Renkert and Schlesinger. The trustees bringing the suit are Blair and Schlesinger. We assume Blair succeeded Renkert in such capacity. This, however, should be made to appear on the remand.

■ The courts quite generally hold that provisions in the constitution or by-laws of an association like the National Paving Brick Association imposing upon members of the society the payment of dues and assessments, such provisions being subscribed to by the members, create a legal obligation upon the part of each member to pay such dues and assessments so long as he remains a member and the association continues to function. 4 Am. Jur., 465; 5 C. J., 1362. We think it makes no difference whether the association is incorporated or unincorporated if the member's obligation can be enforced by a representative of the association capable of bringing suit, as by trustees in the case before us.

■ We are, therefore, of opinion that the chancellor improperly sustained the first ground of demurrer, and we are likewise of opinion that the second ground of demurrer should have been overruled.

■ The argument to sustain the second proposition

advanced by the demurrer is that the members of a voluntary association, such as National Paving Brick Association, are in reality partners and that a corporation is legally incapacitated from entering into a partnership, and we are referred to *Mallory* v. *Oil-Works,* 86 Tenn., 598, 8 S. W., 396, and other authorities.

Whether the members of a voluntary association are to be treated as partners depends on the character of the organization. If the association is organized for profit, the members are partners in legal effect and are liable for debts contracted in the name of the association by other members. 4 Am. Jur., 481; 5 C. J., 1365. If, however, in the operation of such an association, profit and loss is not contemplated, such as literary, social or political organizations, its members are not treated as partners and their liability for debts contracted in behalf of the association is determined upon principles of agency. Same authorities.

█ No direct profit, as we gather from its constitution and by-laws, was contemplated by its members in organizing and operating National Paving Brick Association. That is, no profit to the Association itself. True, it was expected that there would be an indirect profit to members of the Association from the activities of that organization. The Association, however, was not a commercial venture in itself. Its operation was expected to be to the advantage of its members. Such being the character of the Association, we do not think its members could be treated as partners.

Since membership in an association like the National Paving Brick Association did not make partners of its members and impose upon its members the obligations of a partnership, we see no objection to a corporation

becoming a member of such an organization. The difficulties incident to a corporation entering a partnership mentioned in *Mallory* v. *Oil-Works, supra,* are not here present. Corporations quite generally are members of boards of trade, chambers of commerce, and other trade organizations.

Upon the whole case, therefore, we are of opinion that the demurrer herein should have been overruled. The decree of the chancellor is reversed and the cause is remanded for further proceedings.